IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CHAD BAKER,

                Plaintiff,

v.                                    Civil Action No. 3:12cv393-JAG

CARLTON N. ELAM,

and

ELAM ANIMAL HOSPITAL AND
REPRODUCTIVE CENTER,

                  Defendants.

## MEMORANDUM OPINION

        This matter is before the Court on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The plaintiff's complaint (the "Complaint") alleges six counts: (1) Breach of Implied Contract, (2) Veterinary Malpractice, (3) Negligent Misrepresentation, (4) violation of the Virginia Consumer Protection Act ("VCPA"), (5) Breach of Bailment Duty, and (6) Constructive Fraud.  The plaintiff also requests statutory attorneys' fees under Va. Code § 59.1-204(B), as well as punitive damages.

        In the instant motions, the defendants move to dismiss the plaintiff's claims for negligent misrepresentation, violation of the VCPA, constructive fraud, attorneys' fees, and punitive damages.  They are now ripe for review.  The Court finds that the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.  As shown below, the plaintiff's claim under the VCPA will be dismissed because the transactions at hand are not consumer transactions.  Consequently, the plaintiff's

request for statutory attorneys' fees must also be dismissed. The constructive fraud claim will be dismissed for failure to state sufficient facts to allege a plausible claim. Moreover, negligent misrepresentation is not recognized as a separate cause of action from constructive fraud, and as such, must be dismissed. Finally, the plaintiff's punitive damages claim survives as it is best reserved for summary judgment.

## I. __Background__

This case arises out of the alleged breach of an agreement to collect, store, and preserve 550 straws of semen ("samples") from two champion, prize-winning Labrador Retrievers: Grady and Louie.[1] The plaintiff, Chad Baker, owns Grady and Louie.

In June of 2008, Baker contacted the defendants—Dr. Carlton N. Elam and his business, the Elam Animal Hospital and Reproductive Center ("EAH")—regarding the possibility of collecting, freezing, and storing semen from Grady for breeding purposes. Baker and the defendants contracted to collect, freeze, and store semen from both Labradors.[2]

Ultimately, the plaintiff claims that the straws were ruined due to a mechanical failure at the defendants' lab on or about April 11, 2011. (Compl. ¶ 2.) The defendants apparently failed to report the loss to Baker for many months. Baker claims that prior to reporting the loss the "Defendants attempted to conceal the loss by encouraging Baker to transport Grady for extraction of additional straws because the original samples were 'bad,' e.g., the semen was not potent enough for breeding." (*Id.* ¶ 3.) Only when Baker ordered Elam to make further

---

[1] Baker avers that two of Grady's straws typically sell for $2,500 and two of Louie's sell for $500. (Compl. ¶ 18.) He further states that he intended to sell 100% of the semen from both dogs. (Compl. ¶ 17.)

[2] According to the plaintiff, the freezing resulted in over 550 straws for semen from Grady and 50 from Louie. (*Id.* ¶ 16.)

shipments to breeders did Elam confess that the vast majority had been destroyed due to his neglect. (*Id.* ¶ 4.)

In his Complaint, Baker alleges that "Elam, EAH and their agents utilized methods not used by reasonably prudent veterinarians to freeze dog semen for breeding purposes."[3] (*Id.* ¶ 5.) According to the plaintiff, the use of artificial insemination for breeding has an extremely high percentage of success. He claims that the defendants are responsible for the destruction of approximately $300,000 worth of semen.  (Compl. ¶ 18.)  As a result, he filed his six-count Complaint in this Court on May 24, 2012.

## II. Violation of the VCPA and Attorneys' Fees – Count IV

The plaintiff alleges in Count IV that the defendants willfully concealed their negligent destruction of the samples with the intent to deceive, in violation of the VCPA, Va. Code § 59.1-200, *et seq*.  The Court finds, however, that the plaintiff is ineligible for relief under the VCPA because the transaction at issue was not a "consumer transaction" as defined by the statute.

The Virginia General Assembly intended that the VCPA "be applied as remedial legislation to promote fair and ethical standards of dealings between *suppliers* and the *consuming public*."  Va. Code § 59.1-197 (emphasis added).  As such, only consumer transactions qualify for coverage under the VCPA.  Va. Code §59.1-200.  A "consumer transaction" is defined as:

(1) The advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes;

(2) Transactions involving the advertisement, offer or sale to an individual of a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged;

---

[3] He also alleges that "Elam admitted EAH had allowed the semen of Louie and Grady to thaw and become useless because of a failure of a nitrogen cold tank where the straws were stored." (Compl. ¶ 15.)

(3) Transactions involving the advertisement, offer or sale to an individual of goods or services relating to the individual's finding or obtaining employment;

(4) A layaway agreement, whereby part or all of the price of goods is payable in one or more payments subsequent to the making of the layaway agreement and the supplier retains possession of the goods and bears the risk of their loss or damage until the goods are paid in full according to the layaway agreement; and

(5) Transactions involving the advertisement, sale, lease, or license, or the offering for sale, lease or license, of goods or services to a church or other religious body.

Va. Code § 59.1-198. Here, the transaction at issue does not qualify under any subsection of Va. Code § 59.1-198, therefore, a claim for relief under the VCPA is not cognizable.

According to the Complaint, the "Plaintiff intended to sell 100% of both dog's semen for breeding, as he is not a breeder and Grady is in high demand as a sire." (Compl. ¶ 17.)[4] Yet, in his memorandum in opposition to the defendants' 12(b)(6) motions, Baker now claims that the transaction involved "[t]he advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes." Va. Code § 59.1-198. To support this claim, Baker contradicts his original statements, and argues that the semen samples were used for his "personal enjoyment." The plaintiff claims that he "is a consumer. He breeds dogs for his personal enjoyment." (Memo. in Opp. to Mots. to Dismiss 8.)

Except possibly a dog, no one would create 550 samples of canine semen for "personal enjoyment." It is apparent that the plaintiff was going to sell the samples. The sale of 550 straws of dog semen is clearly not a consumer transaction, nor is its use within the intended scope of the Act. *See* Va. Code § 59.1-197. Essentially, Baker cannot be considered a member

---

[4] The quotations in this order are verbatim from the Complaint and will not contain the word "sic" to denote errors.

4

of the consuming public as he is a supplier.[5]  The relevant transactions that occurred between Elam and Baker were merchant-to-merchant and thus not encompassed within the scope of the VCPA.  *See Bindra v. Michael Bowman & Assocs.*, 58 Va. Cir. 47, 50 (2001).  The Court finds that Count IV of the Complaint must be dismissed.

Consequently, Baker's claim for statutory attorneys' fees under the VCPA must also be dismissed.  Under the "American Rule," when not tied to a statute or contractual provision, attorneys' fees are not recoverable.  *See Parkman v. Elam*, No. 3:08-cv-690 2009 U.S. Dist. LEXIS 21578 at *11 (E.D. Va. Mar. 17, 2009).  As the Virginia Supreme Court has stated: "Generally absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant."  *See Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 449 (1991); *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594 (1989); *Gilmore v. Basic Industries*, 233 Va. 485, 490 (1987).  Accordingly, the Court shall dismiss the plaintiff's claim for attorneys' fees under the VCPA.

### III. Constructive Fraud – Count VI

The Court finds that the plaintiff's constructive fraud claim must also be dismissed for failure to allege sufficient facts to state a plausible claim.

"[T]he elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation."  *See Parkman v. Elam*, 2009 U.S. Dist. LEXIS 21578, at *7; *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295 (1996) (citing *Evaluation Research Corp. v. Alequin*,

---

[5] "'Supplier' means a seller, lessor or licensor who advertises, solicits or engages in consumer transactions, or a manufacturer, distributor or licensor who advertises and sells, leases or licenses goods or services to be resold, leased or sublicensed by other persons in consumer transactions." Va. Code § 59.1-198.

247 Va. 143, 148 (1994) (citations omitted)). "A finding of . . . constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *See id.*; *Mortarino* 251 Va. at 295 (quoting *Alequin*, 247 Va. at 148).

The plaintiff has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). When alleging a constructive fraud claim, the plaintiff must "plead, with the requisite degree of particularity, facts which support all the elements of a cause of action for constructive fraud." *Mortarino*, 251 Va. at 295. Rule 9(b) requires a party to "state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). The "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990) (citations omitted)). "'Mere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b).'" *Id.* (citing *Hillson Partners Ltd. Partnership v. Adage, Inc.*, 42 F.3d 204, 209 (4th Cir. 1994)).

In this case, Baker has simply pled bare contentions that do not meet Rule 9(b)'s requirements. For instance, the Complaint fails to adequately state the times and places that the alleged misrepresentations took place. *See id.* Baker claims Elam admitted that 320 of the plaintiff's straws were lost or destroyed. (Compl. ¶ 2). Yet, he provides no time, place, or any specifics as to this supposed admission, which in any event is not fraudulent. The crux of the plaintiff's constructive fraud claim is that the defendants' concealed their destruction of the samples and that he relied on the misrepresentation to his detriment. Without particular details

as to the dates and substance of the misrepresentations, this Court is bound to dismiss the plaintiff's claim for failure to satisfy the pleading requirements of Fed. R. Civ. P. 9(b). The Complaint's bald assertions are the type intended to be guarded against by the heightened pleading standard.

### IV. Negligent Misrepresentation – Count III

Furthermore, the Court must dismiss the plaintiff's negligent misrepresentation claim in Count III. "[T]he essence of constructive fraud is negligent misrepresentation." *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559 (1998). Virginia courts, therefore, do not recognize negligent misrepresentation as a separate cause of action from that of constructive fraud. *Haigh v. Matsushita Elec. Corp.*, 676 F. Supp. 1332, 1349-50 (E.D. Va. 1987); *Bentley v. Legent Corp.*, 849 F. Supp. 429, 434 (E.D. Va. 1994). As the plaintiff's constructive fraud claim must be dismissed for failure to allege a plausible claim, the negligent misrepresentation claim in Count III shall also be dismissed.

### V. Punitive Damages

To successfully plead punitive damages, the plaintiff must demonstrate "the most egregious conduct." *See Bowers v. Westvaco Corp.*, 244 Va. 139, 150 (1992) (citing *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 144 (1992)). Punitive damages are recoverable "only where there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others." *Baker v. Marcus*, 201 Va. 905, 909 (Va. 1960). To survive a motion to dismiss, a complaint must contain a sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the facts alleged in the Complaint are true, Baker has stated a plausible claim for reckless activity in

this case. Dismissal would be improper at this time. The question of punitive damages will survive the defendants' motions because it should be reserved for summary judgment.

## VI. Conclusion

For these reasons, the Court will grant the defendants' motions to dismiss with respect to Counts III, IV, and VI, as well as the plaintiffs' claims for attorneys' fees under the VCPA. The Court denies the motions for dismissal of Baker's claim for punitive damages, as it is properly reserved for summary judgment.

An appropriate order shall issue.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

/s/

John A. Gibney, Jr.
United States District Judge

Date: July 24, 2012
Richmond, VA